```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CORNEL MILEY et al.,                                              :
                                                                  :
                              Plaintiffs,                         :
                                                                  :      21-CV-7839 (JMF)
              -v-                                                 :
                                                                  :    MEMORANDUM OPINION
CITIBANK, N.A.,                                                   :         AND ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, which was removed from state court pursuant to this Court's diversity jurisdiction, Plaintiffs Cornel and Charqweshia Miley bring claims against Citibank N.A. relating to a Citibank Double Cash credit card that had been issued to Cornel Miley. Citibank now moves, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to compel arbitration. Citibank's motion is GRANTED, substantially for the reasons set forth in its memoranda of law. *See* ECF Nos. 8, 20. In brief, the agreement between Cornel Miley and Citibank contained an arbitration clause, pursuant to which he agreed, with limited exceptions not applicable here, to arbitrate "all Claims" — defined broadly as "any claim, dispute or controversy between you and us arising out of or related to your Account . . . or our relationship" — "no matter what legal theory they're based on or what remedy . . . they seek." ECF No. 9-2 ("Agreement"), § 11. Plaintiffs' claims plainly fall within the scope of this broad arbitration clause. It follows that Citibank is entitled to have them arbitrated. *See, e.g.*, *Zimmerman v. UBS AG*, No. 17-CV-4503 (JMF), 2018 WL 4054860, at *2 (S.D.N.Y. Aug. 24, 2018) ("Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate."); *Occilien v. Related Partners, Inc.*, No.

19-CV-7634 (KPF), 2021 WL 184399, at *9 (S.D.N.Y. Jan. 19, 2021) (compelling arbitration where the arbitration agreement was enforceable and the pro se plaintiff's claims fell within the "broad scope" of the arbitration provision).[1]

Plaintiffs' arguments to the contrary are without merit.  First, whether or not the card agreement's payment provisions are lawful has no relevance to the threshold question of arbitrability.  Second, under South Dakota law — which applies in this diversity action because the parties' agreement includes a South Dakota choice-of-law clause, *see* Agreement § 13 — the agreement is valid notwithstanding the lack of the parties' signatures.  *See* S.D. Codified Laws § 54-11-9 (providing "[t]he use of an accepted credit card . . . creates a binding contract between the card holder and the card issuer").  The fact that Plaintiffs argue otherwise is, to say the least, puzzling given that their *own* claims are based on the existence of a valid contract.  Finally, there is no unfairness in holding Plaintiffs to their agreement, particularly since the arbitration clause contained an opt-out mechanism and they did not avail themselves of it.  *See* Agreement § 11.

In short, Citibank's motion to compel arbitration must be and is GRANTED. Additionally, in light of the fact that all claims are subject to arbitration, and Citibank requests a stay, the action is stayed pending resolution of the arbitration.  *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."); *Salim*

---

[1]  The arbitration agreement is enforceable not only against Cornel Miley, but also against Charqweshia Miley, because her claims against Ciitbank are based on the contract containing the agreement.  *See, e.g.*, *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 61 (2d Cir. 2001) (holding that a non-signatory may be bound where it "knowingly accepted the benefits of an agreement with an arbitration clause" and those benefits "flow[ed] directly from the agreement" (internal quotation marks omitted)).  Moreover, the arbitration provision states that "Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you" are subject to arbitration.  Agreement § 11.

*Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92-93 (2d Cir. 2002) (noting that district courts should be mindful of the fact that a dismissal is appealable whereas a stay is not and that "[u]nnecessary delay of the arbitral process through appellate review is disfavored" (cleaned up)).  That said, the Court sees no reason to keep the case open pending arbitration.  Accordingly, the Clerk of Court is directed to terminate ECF No. 7 and to administratively close the case, without prejudice to either side moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.  The Clerk of Court is further directed to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

    SO ORDERED.

Dated: November 5, 2021
       New York, New York

                                            JESSE M. FURMAN
                                          United States District Judge